[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-16730
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 27, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00194-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO SERRANO-ARAUZ,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(April 27, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Dario Serrano-Arauz appeals his 135-month sentence imposed after he pled guilty to (1) aiding and abetting in the possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the

jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Serrano-Arauz first argues that the district court erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b). He asserts that he was less culpable than other persons found on the boat, which was carrying 1,640 kilograms of cocaine. Serrano-Arauz also contends that he was unable to present evidence demonstrating that he was entitled to a minor role reduction because the district court, which sentenced Serrano-Arauz's co-defendants before sentencing him, had a "preconceived idea" of Serrano-Arauz's sentence and did not make its minor role determination based on the facts of Serrano-Arauz's case.

We review for clear error the district court's determinations about a defendant's role in an offense. United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002). The burden is on the defendant to establish his role by a preponderance of evidence. Id. Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less

culpable than most other participants, although his role could not be described as minimal." Id. Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

As an initial matter, Serrano-Arauz's argument that he was unable to offer evidence in support of a minor role reduction is without merit. The district court heard Serrano-Arauz's extended argument about why he should receive a minor role reduction.[1] In addition, Serrano-Arauz has not articulated what evidence or argument about his relevant conduct he was unable to present to the district court.

We also conclude that the district court committed no clear error in determining that Serrano-Arauz's role in the offense was more than minor. About the first element of the De Varon analysis, Serrano-Arauz's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 1,640 kilograms of cocaine seized from the boat on which he was traveling. And

---

[1]Serrano-Arauz argued that he should receive a role reduction because, among other things, (1) he was traveling on a boat that was designed to move cargo and that was carrying washing machines; (2) the boat's owner decided to carry drugs without Serrano-Arauz's knowledge; (3) Serrano-Arauz did not receive a substantial financial benefit for his work on the boat; (4) Serrano-Arauz was a cabinetmaker who was hired to do woodwork on the boat; and (5) he did not have an equity interest in the smuggled drugs.

3

the district court correctly pointed to the boat's significant amount of drugs in denying Serrano-Arauz a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing a defendant's role in his relevant conduct). About the second element, Serrano-Arauz was part of a small group traveling on the boat, which was carrying a substantial amount of cocaine. Serrano-Arauz has failed to show that he was "less culpable than most other participants in [his] relevant conduct," id. at 944; and we see no clear error in the district court's decision not to apply a minor role reduction in this case.

Serrano-Arauz also argues that his sentence was unreasonable. He contends that, in determining his sentence, the district court failed to consider all of the sentencing factors set out at 18 U.S.C. § 3553(a). Serrano-Arauz asserts that the district court relied on the "status quo" of sentencing defendants in similar cases to 135 months' imprisonment and that the district court's reference to the section 3553(a) factors at sentencing failed to show that Serrano-Arauz was sentenced pursuant to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

We review Serrano-Arauz's sentence for reasonableness in the light of the section 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46

4

(11th Cir. 2005).  Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

Serrano-Arauz's sentence was reasonable.  The district court correctly calculated his Guidelines imprisonment range as 135 to 168 months; and the court sentenced Serrano-Arauz to the lowest point of that range.[2]  See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

Before sentencing Serrano-Arauz, the district court noted that it had reviewed the section 3553(a) factors and that a reasonable sentence for Serrano-Arauz was at the bottom of his advisory Guidelines range.  The district court also explained that this case involved a large quantity of cocaine; and the district court listened to Serrano-Arauz's statements about why he continued to work on the boat and about some of his personal characteristics.  The district court judge was

---

[2]Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Serrano-Arauz does not challenge the district court's calculation of his Guidelines range.

not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). We conclude that the district court correctly determined Serrano-Arauz's Guidelines range and considered the section 3553(a) factors in imposing the sentence in this case. Nothing in the record convinces us that Serrano-Arauz's sentence was unreasonable in the light of the section 3553(a) factors.

AFFIRMED.